Good morning. Good morning. May it please the Court, my name is Sue Handelman and I'm appearing on behalf of Photon. As this Court is well aware, this appeal arises following a trial concerning a contract for $23,500 worth of software services that Photon was to perform for Simulados. And I'd like to first turn to the end part of the case, which is rescission. After the trial was finished and a jury verdict was entered on fraud and on breach of contract, the plaintiff decided that it would rescind the contract. And in a post-trial brief, the opponent said, we rescind and we take the contract out of existence and we ask the Court to award rescission compensation, which the Court did. But as I think was well established in briefing, and I don't think it's controverted, in California, rescission is purely a statutory concept. In other words... Cal Civil Code 1693, right? Exactly. 1671 has 1691, I'm sorry, prescribes the steps that a rescinding party has to go through. And one of those is prompt notice upon appreciation of a fraud that would void the contract or make it voidable, and prompt notice to the other side, even if it's in a complaint. And in this case, it's undisputed that there was no notice, there was no, through three iterations of the complaint, there was no, even a prayer. Never pled? Never pled. No prayer for rescission. It was sudden, it was out of the blue, and it was post-trial, which under Guam versus who is impermissible. The rescission was contrary to California law, and therefore it is completely improper, and the damages that the Court awarded, which were over $500,000 in rescission compensation, must be reversed. Before we get to the damages, Ms. Handelman, isn't there some California authority on the issue of rescission that says that if the rescission doesn't come promptly, it still might be valid unless the opposing party shows some prejudice from the late rescission. So what was your evidence on the motion for rescission to the trial court post-trial showing that there was some prejudice to you by late rescission? We went all the way through an entire trial. The prejudice is, in fact, the Court awarded attorney's fees to the other side of $186,000. The prejudice was built into the outcome of this matter by the incredible fees that were incurred by the opponent in pursuing his non-rescission damages and then getting paid for it. Well, but it seems to me that Cal Civil Code 1693 says, while rescission shall not be denied because of delay in giving notice, so shall not be denied, a party who delays in seeking the remedy may forfeit the right to rescind where delay is substantially prejudiced. So again, we're back to Judge Bea's question. What was your evidence before the district court? Not what do you say to us. What was the evidence before the district court that you were substantially prejudiced? Not the attorney's fees. They hadn't been awarded. What was the prejudice you gave to the district court? The rescission was by complete surprise at the end of the case. So we had one brief afterwards which described the impropriety of rescission, the fact that the steps for taking the rescission had not been the statutory steps had not been taken. I appreciate you made a brief about how the steps had not been done. What was your evidence of prejudice? In the brief we addressed, there was no specific heading or argument on prejudice. Let me put it this way. Did you present an affidavit or a declaration to the trial judge saying, had we not had contract in this case, we would not have done the following steps in preparation of the case, and we would not have done briefing, we would not have done instructions, and we spent a great deal of time and cost to the client in preparing a case against contract? Yes. Did you say any of that? No. There was no declaration to that effect. However, Your Honor, if you look at the case law. I'm supposed to just take it from our experience as former trial judges, that it costs money to prepare a case and contract? Yes, Your Honor. There is that, and I appreciate that very much. But there is also the notion that the court set forth in Guang v. Hu that procedurally this statutory provision cannot be asserted as a post-trial matter. It cannot come up as a ‑‑ it cannot be awarded post-trial, not in this case and not in Guang v. Hu. The Village Northridge case makes ‑‑ the Supreme Court makes the point that the person seeking rescission must adhere to the steps that are required by the contract. I might add that the point that Your Honors are addressing to me about whether or not we address prejudice post-trial was not raised by my opponent. There is no argument that my opponent raised in his brief to the effect that they were entitled to rescind because we didn't have any prejudice or didn't state any prejudice to the trial judge. Well, frankly, it seems to me that both of you, until trial briefs, after he asked to rescind, both of you were dealing with the first prong of rescission, whether it was fraudulent inducement or not. And then when they asked to rescind, then you said, no, it has nothing to do with that. It has to do with he hasn't followed all the steps necessary to get to rescind now, and it was just a given that it was going to be prejudicial to you because there wasn't anything necessarily there that said any more than prejudice that, hey, judge, you've been through this trial 40 times. You ought to know how much prejudice there is. Look what we've gone through. That's about the best we got, right? Yes. Right? That's not quite what I was planning to offer, Your Honor. Well, I was just trying to give it the best effort I could for you. No, well, I would also add, in addition to that kind effort, I would additionally add that during the case, during the trial, the plaintiff was repeatedly intent on not rescinding. What we have in this case is a trial judge who queried the plaintiff's attorney during the trial. You say that you had fraud in the inducement. And what do you think the result of fraud in the inducement might be? And the opponent said on the record to the trial judge, we stand on the contract. We want our damages for fraud. But when he read the damage limitation in the contract, he changed his tune. Changed his tune indeed. That was the motivating factor, honestly. Why don't we move to another? I think we have your idea about rescission. The rescission. I think we have that. What other arguments do you want to make here before I take you into one? Well, I have a feeling that we're both having the same argument in mind, and that is the fraud argument. Well, if we're going to go to the fraud and you want a judgment as a matter of law on the fraud, what's my standard of review? Standard of review on a Rule 50 motion is whether or not there is evidence in the record to support a jury verdict for fraud. Okay. So all we're looking for there is, is there any evidence in this record whatsoever to support this? And you're saying there's no evidence? No evidence to support the fraud that is asserted by my opponent. Well, just a minute. What about the first one of these that we've got to talk about is, was there a misrepresentation of material fact? Correct. Okay. The founder, Canteo, testified that a representative told him pre-contract that Photon could provide this application, a better application than he already had, and a web application. And Canteo also testified this rep told him they were going to use this special tool called Real Basic to come up with this product. And then Canteo testified Photon represented it had knowledge and experience to create the software. There's a representation that's false. The representations that Your Honor has referenced are, in fact, true. Well, but just a minute. They're the ones that you didn't provide. So what Your Honor is doing... Now giving them every benefit of the doubt. Not you making your best argument for your side. No. But their side is, these are the representations that you put out there, and they weren't provided, and it didn't happen. And so, therefore, they were misrepresentation. Those are elements of the contract, Your Honor. Just a minute. I know you want to make it into elements of the contract, but let's talk about, first of all, can they be a part of the fraud? That's what we've got to look at. What are the elements of the fraud? Let's take those one by one. A misrepresentation I've just gone through. Misrepresentation... Paid with falsity, knowledge of it. Knowledge of falsity, reliance. Photon admits in 2009 building a web application using Real Basic was not possible. Photon orders a training CD in Real Basic, which could indicate it didn't have the knowledge or the experience to create the software. Photon's email in February 2010 indicates it told Canteo about the risk of using Real Basic, but Canteo appeared to dispute the fact. Where do we go with that? Okay. That's giving them every benefit of the doubt. We need to talk about what fraud requires. Fraud requires a misstatement of material fact on which the other side relies. On the issue of whether or not... Going to reliance then? Is that where you are? On the first issue, on falsity, the question of whether or not Real Basic was a proper tool. First of all, the photon used Real Basic, performed the contract with Real Basic, and it was a proper tool. Whether it was relied... Whether photon's use of Real Basic was relied on is addressed in the record. I'd ask your honors to review page 101. Pardon me, ma'am, but I don't think you're really giving the opposition the full benefit that is necessary on a judgment as a matter of law. You've got to take all of these allegations in the light most favorable to them, not you. I appreciate you want to make a different view on all of those representations because it will help you. But I'm trying to help the jury's verdict now, which I understand you're supposed to be doing. And that's why I've led you down this path. A promise... The court has, in Tenzer v. Superscope and in all of the cases that deal with the fraud in a contract context, state that a promise made and not fulfilled is not promissory fraud. We don't have... We're not after promissory fraud here. We're after normal misrepresentational fraud. We don't have to talk about promissory fraud. That's why I worried about your brief. Why do you go off on these different tangents? They argued fraud, misrepresentation of material fact, knowledge of falsity and reckless disregard, intent to reduce reliance, justifiable reliance and resulting damage. I don't have to go off on promissory fraud. Okay. Your Honor, with respect, I urge the court to take another look at the appellant's brief. We addressed every form of fraud, not just promissory fraud. Well, then why go there? Stick with the one I got right here. There was no fraud here because nothing that Your Honor mentioned, even though the promisee was disappointed in the outcome of the contract, there was no fraud by anything that was stated by Photon, including... It seems to me that you're trying to give me a jury argument again. You made the same argument to the jury you're making to me. I read the transcript, and the jury said, no, you're wrong. There's fraud. And these were the statements they relied upon. And I'm trying to say, how could they not rely on them? They could not rely on them because none of the statements are false, knowingly false, at the time they were made. And we pointed that out in our brief. They are merely contract promises that was a contract not fulfilled. As far as the plaintiff was concerned, the plaintiff was insisting on performance that the contract did not call for and therefore was disappointed. But none of the pre-contract statements were false. There is no evidence in the record that real BASIC was not a proper tool. There is no evidence in the record that we lacked experience or expertise. In fact, the evidence was to the contrary, that we had the experience we represented and that buying a training CD was in line with keeping up on changes in software development. I see my time is up, Your Honor, and so I will submit. Thank you. Thank you very much. Go ahead. May it please the Court, my name is Joe Lonza. I represent Simulata Software in this litigation. I would like to first address briefly the issue that the Court brought up regarding prejudice in the rescission, her argument that there are prejudices by the award of attorney's fees. If the Court will look at the contract, section 9 of the contract provides an award of attorney's fees for the prevailing party. For any claim brought related to the contract, whether in contract or tort. You rescinded the contract. You can't rely on an attorney's fees clause in a contract which you rescinded. I'm not sure exactly what. I'm about too proud to admit I'm not exactly sure what our counsel tried to do in that rescission. Well, we're sure what the counsel tried to do. He rescinded it. So you've got to live with that. Okay, Mr. Lonza, tell me what basis there is for awarding you attorney's fees other than the contract clause. On the fraud, I don't believe California, I believe California follows the American rule so there would not be an award of attorney's fees there. Well, that's not always true. Have you read the case of Cass v. Weber? Maybe not. I'm sorry? Well, if you've got to prove fraud in the inception to rescind a contract, California has some law, at least at the appellate level, that you can recover attorney's fees. I must have missed that point in California law. Well, you're lucky to have Judge Bay up here helping you. I guess I am, Your Honor. I'm from Texas. Okay. My worry is this. Supposing I say there is no way they should have been able to rescind for how late it was and how late it came and how there seems to be prejudice here. What do I do then? I think it comes down to a straight election of remanders, Your Honor. We have to recover under one or the other. Well, just a minute. If you can't recover on rescission, then I get rid of the second judgment by the jury, which was the one that got the rescission. There was a judgment by the jury, right? The judgment by the jury said there's fraud and there's also breach of contract, correct? And there were the identical damages under both. Yes. Okay. So if, in fact, I say you can't have rescission, then I'm back to that judgment, am I not? Well, you look at the . . . Well, I would suggest that the appropriate remedy is what the judge did was . . . Well, but just a minute. Let's not say . . . If I say the judge cannot rescind, then what are you left with? We're left with a verdict for breach of contract with . . . And a verdict for fraud. With damages. And are there any issues on appeal as it relates to that? Could you repeat the question? Are there any issues on appeal that relate to those two verdicts? Are there any issues before me that relate to those verdicts? It seems to me one of them is whether there can be any contractual damages above the limitation, right? That's correct, Your Honor. And that's in front of us. Is there any issue as it relates to the damages for fraud? Certainly, whether or not . . . Is that in front of me? I believe the fraudulent inducement is in front of the court, Your Honor. Is that based on the appeal by the defendant from the denial of a Rule 15? Well, they're challenging. They say they're entitled to judgment as a matter of law on their fraud. Well, but that's just the . . . You should set the jury verdict aside. Well, but if I say, okay, we're not going to do a judgment as a matter of law, then it seems to me at that point the only issue I have in front of me is whether I'm going to do contractual damages, the full amount, or the limitation. And after that, it's over, isn't it, if it's in front of me in this case? I believe that the plaintiff gets to elect which remedy it wants to pursue, whether it wants to pursue the fraud in the inducement that the jury awarded or whether it wants to . . . or accept that award from the jury . . . That can be done in front of the district court. I don't have to make that decision here. All I have to do, and that's why I'm having you help me, it seems to me that if I say no way that judge should have gone to rescission at this particular point in time, then I look at what else do I have in front of me. Well, I have the JNOV on fraud. I've got to give every benefit of the doubt to the jury, so I may not do that. It seems to me we're back to the same point we were in front of the district court when your client decided to change its ideas and go for rescission. So I just send it back and let the district court deal with that, don't I? Because then there would be absolutely an $18,000 limit, and we would have a fraud, and we would have the limit on the contract. Well, but the judge did award the $18,000 limit on the contract . . .  . . . and then awarded the $300,000 limit. I'm sorry, the $300,000 award on the fraud, and then awarded the attorney's fees. So by sending it back down to the trial court to simply make that change seems to me . . . Well, I guess I'm trying to figure out what's the issue. What's the issue I have to address? I looked at every one of these issues, and I said to myself, if I address the issues the attorneys give me rather than the issues I want to give them from Idaho, I can't know where I have to go here. That's why I'm asking you. In my opinion, I think the correct decision is to affirm the trial court's judgment. The decision, but . . . It applied the — well, even if, you know, it wasn't clear to me, perhaps it's clear to the Court, but it wasn't clear to me whether the judge at the district court level actually bought the rescission because he applied the contractual limitations and awarded the $18,000 in damages on the breach of contract. If we rescinded, he shouldn't have — I would think he shouldn't have awarded that at all. I think he decided in his mind . . . No, no, on rescission . . . Maybe I misread it. The award is to give back to the party justifiably rescinding any consideration which that party has given to the offending party. So $18,000 is correct on a rescission, if he grants rescission. I can see that. But if you don't grant rescission, if Judge Smith's hypothetical is that the rescission was improperly granted, don't you still have the fraud judgment? We still have the fraud judgment, even if rescission was improperly granted. So long as we don't grant the appeal on the JMOL basis, Rule 50 basis. That's correct, as long as you don't — Fraud verse based on the JMOL. And the full recovery, and perhaps even your attorney's fees. Based on Judge Breyer's case. You might want to take a look at that. It's called Cass, K-A-S-S versus Weber, 67, Cal Reporter, 876 at 879. You can get that from the court. I will do that, Your Honor. Thank you. All right. Anything else you want to say? I would like briefly to talk about the limitations and their effort to distinguish one of the cases we relied upon, which was the Hawaiian telephone case. Let me ask you, the limitations are in the contract, right? That's correct. If the contract is valid and not rescinded, you're limited on the contract recovery by the limitations clause, right? Well, if the limitation was valid, we'd be limited on the contract recovery, but not on the tort recovery. You've taken the words out of my mouth. That's assuming that the tort recovery can recover for the pure economic loss, right? I believe that's correct. So do I have to determine? That's why I was asking you these questions. Do I have to determine whether on this tort recovery you can get this economic loss for this fraud? Well, I believe the trial court, the district court, characterized those as the consequential damages. It didn't just include the lost profits. It included the damages that were necessary for hiring someone else to actually program the product, and they programmed it successfully. So I believe the court characterized all those as the consequential damages. I appreciate that, but I have to determine, first of all, whether he can even give those, don't I? If there was fraud in the inducement. What about if there's just regular fraud, which is the only thing pled here? No, in the second amendment petition, we pled both fraud and fraud in the inducement. Okay. So in that instance, then, what you're suggesting is what? Are you suggesting this fraud is independent and separate from the contractual breach? That is correct, Your Honor. And that is basically one of the things Roberts and Helicopter discussed. I agree. Okay. Which, if you were in Idaho, we'd say baloney, but go ahead. We're in New California. I just wanted to, I've only got a few minutes left. I just wanted to briefly talk about that limitations provision in Hawaiian Telephone. They contend that in Hawaiian Telephone, the product was never delivered, but that it was delivered in this case, and that's why there should be a distinction between the two. But the product was not delivered in this case. I believe the testimony of that, only one of the three versions was delivered, perhaps two, but it's uncontroversial. No web application was ever delivered to our client, nor was it accepted. He rejected it because of the numerous defects that were in the product. So we don't have a delivery which don't trigger those limitations under the Hawaiian Telephone holding. Unless the Court has anything further for me, I will sit down. Thank you, Mr. Lanza. Thank you very much, Your Honors. All right. Ms. Handelman, would you like a couple of minutes in rebuttal? Yes, I would like to. Two minutes, please. I think the Court fully appreciates the complexity of the problem here. And we did discuss the rescission. We did discuss the fraud. We didn't have a chance to discuss breach of contract. But on the last point that was made by my opponent, the Hawaiian Telephone case, the opponent in their brief made the point that Hawaiian Telephone stands for the proposition that if there is no delivery of a product, then the limitation of damages clause doesn't apply. But that isn't what Hawaiian Telephone stands for at all. Hawaiian Telephone stands for the proposition that there was a condition preceding in that case, which was delivery of a working system before a repair warranty kicked in. And that was what was not triggered, was the repair warranty. So just to make that clear. And I think the Court is correct that if there is a problem with rescission here, which there is, you are faced with the dramatic problem of what to do with a judgment for fraud, for pure economic damages. The exact amount of the damages that were for breach of contract, and also the same conduct that was involved in the breach of contract. That's why the jury came up with the same number. And it would be a double recovery. It would be a double recovery, which is prohibited by California law, Taglione v.---- So are you agreeing that a single recovery of $309,000 is okay? I am not. Because of course, Your Honor, we have briefed extensively the notion that what's left isn't anything that can be compensated under the law. So, and Your Honors, I'm not here to, to---- Is it your claim that in a fraud claim, the jury cannot award consequential damages? No. The jury in a fraud claim can award damages approximately caused by the fraud. No. Yes. There's no, nobody has disputed that in the briefing. Right. The problem is prior to that. The problem is, is there any fraud here under the law that is compensable? And I, I appreciate---- Okay. I think we've got it. What Judge Smith has, has said. I fully appreciate it. Thank you, Ms. Handley. Thank you, Your Honors. And thanks, both parties, for a very interesting presentation. And the case of Simulalos v. Photon is submitted. Thank you.
judges: Fernandez, Bea, N.R. Smith